

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-91,786-01

### EX PARTE DONALD LEONARD TOUCHET, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15-21899-A IN THE CRIMINAL DISTRICT COURT
### FROM JEFFERSON COUNTY

SLAUGHTER, J., filed a concurring opinion.

### CONCURRING OPINION

William Jennings Bryan once said, "Next to the ministry I know of no more noble profession than the law. The object aimed at is justice, equal and exact, and if it does not reach that end at once it is because the stream is diverted by selfishness or checked by ignorance." So what was the lawyer in this case – selfish or ignorant? We will never know because no one required him to explain his behavior. But either way, he was certainly ineffective.

The lawyer at issue, appellate counsel Gaylyn Leon Cooper, failed to notify the applicant of the outcome of his direct appeal and of his right to file a petition for discretionary review. Consequently, Applicant was deprived of his opportunity to timely file a petition to this Court. When Applicant filed a post-conviction writ of habeas corpus application claiming ineffective

assistance of appellate counsel, the habeas court ordered counsel to file an affidavit in response to this claim. After counsel missed the deadline imposed by the trial court, the trial court's clerk called counsel on several occasions to remind him that his response was overdue. Each time, counsel promised to file an affidavit "within the week." Despite this promise, no affidavit was ever filed. *See Ex parte Touchet,* No. WR-15-21899-A (Trial Court's Findings of Fact and Conclusions of Law, Crim. Dist. Ct. Jefferson County, Tex., Sept. 16, 2020). The habeas judge never asked counsel for an explanation as to why he failed to respond.[1] With no knowledge of any mitigating circumstances, the only conclusion that may be drawn in light of Cooper's failure to notify Applicant regarding the status of his case, Cooper's multiple misrepresentations to the habeas court clerk that he would file his affidavit "within the week," and his complete failure to ever file a response despite multiple reminders from the clerk, is that Cooper violated the oath he took upon becoming an attorney, the Texas Lawyer's Creed, and the Texas Rules of Professional Conduct.[2]

---

[1] The habeas judge could have issued a show-cause order as a way to force counsel to appear and explain himself. After hearing counsel's explanation, the judge could then determine the appropriate action.

[2] After passing the bar exam but before being issued a bar card by the State Bar of Texas, a prospective attorney is required to swear or affirm that he or she "will honestly demean [himself/herself] in the practice of law; that [he/she] will discharge [his/her] duties to [] clients to the best of [his/her] ability; and, that [he/she] will conduct [himself/herself] with integrity and civility in dealing and communicating with the court and all parties." TEX. GOV'T CODE § 82.037(a).

The Texas Lawyer's Creed provides that a lawyer's duties to his/her clients are, in part, to: (1) "conduct [himself/herself] in Court in a professional manner and demonstrate respect for the Court and the law;" (2) "treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility;" (3) "be punctual;" and (4) "be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes."

The preamble of the Texas Disciplinary Rules of Professional Conduct notes that "a lawyer should be competent, prompt and diligent . . . A lawyer should demonstrate respect for the legal

In response to such blatant violations, the habeas judge should have taken "appropriate action" in response. Tex. Code Jud. Conduct 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action. A judge having knowledge that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct that raises a substantial question as to the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects shall inform the Office of the General Counsel of the State Bar of Texas or take other appropriate action.").

When lawyers (of any kind) or judges (of any kind) behave in a way that shows a clear dereliction of duty, especially that which results in some kind of harm, every member of the bar who becomes aware of it has an obligation to take action.[3]  *See* Tex. Disciplinary Rules Prof'l

---

system and for those who serve it, including judges, other lawyers and public officials."  Tex. Disciplinary Rules Prof'l Conduct, Preamble.

    Rule 1.01(b) mandates, in part, that:
    In representing a client, a lawyer shall not:
    (1)    neglect a legal matter entrusted to the lawyer; or
    (2)    frequently fail to carry out completely the obligations that the lawyer owes
        to a client or clients.
Tex. Disciplinary Rules Prof'l Conduct 1.01(b).

Rule 8.04 mandates, in part, that "[a] lawyer shall not violate these rules [or] . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation [or] . . . violate any other laws of this state relating to the professional conduct of lawyers and to the practice of law." Tex. Disciplinary Rules Prof'l Conduct 8.04(a). Lawyers who violate the Rules may be subject to discipline. Tex. Disciplinary Rules Prof'l Conduct 1.01(b), Comments 6-7 ("[A]n incompetent lawyer is subject to discipline," as is one who neglects "a particular legal matter" or who "frequent[ly] fail[s] to carry out fully the obligations owed to one or more clients.").

[3]    Mistakes and misunderstandings are part of human nature, so I am not suggesting that every infraction deserves punishment. Attorneys and judges should often be given the benefit of the doubt because no one is perfect. But where there is an egregious violation, repeated violations, or a collection of several violations, there should at the very least be an investigation into such conduct.

Conduct, Preamble ("A lawyer should aid the legal profession in pursuing [the] objectives [of these Rules] and should help the bar regulate itself in the public interest. . . . The legal profession has a responsibility to assure that its regulation is undertaken in the public interest . . . and to insist that every lawyer both comply with its minimum disciplinary standards and aid in securing their observance by other lawyers. Neglect of these responsibilities compromises the independence of the profession and the public interest which it serves."); Tex. Code Jud. Conduct, Preamble ("[J]udges, individually and collectively, must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system.").

In this case, the habeas court did nothing to warn or reprimand counsel, let alone file a complaint with the State Bar or otherwise punish counsel for his inexcusable unprofessionalism and violation of the Rules. There is also nothing to suggest that the State Bar took any action.[4] Given that no one to date has taken any action to address these multiple violations of the disciplinary rules and a complete dereliction of duty, we, as a Court, should. At the very least, we should demand an explanation (if there is one) from counsel.[5]

As judges of this Court, we are entrusted with and even commanded to ensure professionalism from attorneys. This is no less true in the context of habeas corpus applications, which number in the thousands annually and which frequently contain claims of ineffectiveness of trial or appellate counsel. An attorney's complete failure to respond to claims raised against him not only hinders judicial economy, but in some instances may result in the Court's inability to fully and fairly decide a claim. Such a serious infraction warrants action by the habeas court. If the

---

[4] It is not in the record whether a complaint was ever filed.

[5] I write this published concurring opinion to satisfy my judicial duty to take "other appropriate action" in response to an obvious violation of the disciplinary rules. While I am taking this action now, I readily admit that I should have done so in other similar cases as well.

habeas court fails to take appropriate action, then this Court should do so or at least require habeas counsel to respond. Yet, we rarely take any action against attorneys who shirk their duty to cooperate in the habeas process. If Article 11.07 proceedings are to truly afford litigants a full bite at the habeas apple, then this Court should take steps to ensure that attorneys participate fully in the process of litigating ineffectiveness claims. And, when they fail to do so, this Court should hold those attorneys accountable.

While I agree wholeheartedly with the Court that Applicant deserves relief, I write separately because as indicated above, no one has taken any action to address attorney Cooper's numerous violations and dereliction of duty. I urge all courts and the State Bar to be more active when presented with evidence of attorneys or judges engaging in egregious, repeated, or multiple violations of the rules of professional conduct. Justice and the reputation of our noble profession demand it.

With these comments, I respectfully concur in the Court's judgment.


Filed: January 13, 2021

Publish